IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DANA ADAMS<br>PLAINTIFF,<br><br>v.<br><br>EASTPOINT RECOVERY GROUP, INC.<br>DEFENDANT | *   CIVIL ACTION NO.2:14-cv-364<br>*<br>*<br>*<br>*   COMPLAINT<br>*<br>* |

**PLAINTIFF'S COMPLAINT**

Plaintiff, DANA ADAMS ("Plaintiff"), through the undersigned, alleges the following against EASTPOINT RECOVERY GROUP, INC. ("Defendant"):

**INTRODUCTION**

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.* ("FDCPA").

2. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**JURISDICTION AND VENUE**

3. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Defendant conducts business in the State of Louisiana thereby establishing personal jurisdiction.

5. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

**PARTIES**

6. Plaintiff is a natural person residing in Schriever, Terrebonne Parish, Louisiana.

7. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3), and according to

Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

8. Defendant is a business entity with an office located at 26 Mississippi Street, Suite 200, Buffalo, New York 14203.

9. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6), and sought to collect a consumer debt from Plaintiff.

10. Defendant acted though its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

## FACTUAL ALLEGATIONS

11. Prior to the filing of this Complaint, Defendant was assigned an account from a third party to collect monies from Plaintiff where alleged to be owed by Plaintiff and past due ("debt").

12. Upon information and belief, the alleged debt arises from transactions with Sears department store which were for personal, family, and household purposes.

13. In its attempts to collect the alleged debt, Defendant placed telephone calls ("collection calls") to Plaintiff's cellular telephone, at telephone number (985) 414-09xx, and Plaintiff's home telephone and to Plaintiff's husband's cellular telephone.

14. Starting in or around August of 2013, Defendant placed approximately four (4) collection calls to Plaintiff on a daily basis.

15. When Plaintiff was able to answer Defendant's collection calls, she explained that she was working with a debt resolution program and provided Defendant with a contact name and telephone number to contact her debt resolution company instead of her, but Defendant continued to place collection calls directly to Plaintiff.

16. Plaintiff has a voice mail system established with her cellular telephone that allows callers to leave her a message if the call is not answered.

17. Plaintiff's outgoing message on her voice mail that is played for callers informs callers that they have in fact reached Plaintiff and asks callers to leave her a message.

18. On or about October 17, 2013, Defendant placed a collection call to Plaintiff's cellular telephone that Plaintiff did not answer.

19. Accordingly, Defendant left the following message for Plaintiff on her voice mail:

> Good afternoon, this message is for Dana Adams. Dana, this is (*collector's personal name*), I'm calling on behalf of the firm with Eastpoint Group. I've been assigned a file that needs your immediate attention and I really wanted to speak with you before moving forward on your behalf. You can reach me directly at 716-748-7156, and your file number is 234762. If I do not hear from you I have to assume you are refusing to voluntarily take care of this matter and have no other choice but to the file paper work for the petition on your behalf.

*See* transcribed message, attached hereto as Exhibit A.

20. Defendant's message for Plaintiff did not inform Plaintiff that it, or its collector, was a debt collector. *See* Exhibit A.

21. However, Defendant's message suggested it was attempting to collect monies from her by referencing "voluntarily take[ing] care of this matter. . ." *See* Exhibit A.

22. Defendant's message also misrepresented the urgency of the matter by informing plaintiff that her "immediate attention" was needed and that if it didn't speak with Plaintiff it would file paperwork. *See* Exhibit A.

23. Defendant's statement that it would "file paperwork" was made in an attempt to mislead Plaintiff into believing that a lawsuit would be filed if she did not speak with Defendant "immediate[ly]."

24. Plaintiff did not speak with Defendant "immediate[ly]" and, upon information and belief, neither Defendant nor Sears (the creditor) has filed a lawsuit against Plaintiff related to the

3

alleged debt and neither Defendant nor Sears intended to file a lawsuit against Plaintiff on October 17, 2013.

25. Plaintiff is annoyed by Defendant's constant, continuous and excessive telephone calls, and feels harassed and abused by Defendant.

26. Defendant used harassing conduct in connection with its attempts to collect the alleged debt from Plaintiff.

27. Defendant used false, deceptive and misleading representations in connection with its attempts to collect the alleged debt.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

28. Defendant violated the FDCPA based on the following:

    a. Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress or abuse Plaintiff in connection with the collection of a debt;

    b. Defendant violated §1692d(5) of the FDCPA by causing Plaintiff's telephone to ring repeatedly and continuously with the intent to annoy, abuse, and/or harass Plaintiff;

    c. Defendant violated §1692e(5) of the FDCPA by threatening legal action which was not intended;

    d. Defendant violated §1692e(10) of the FDCPA by using false representations and/or deceptive means to attempt to collect a debt;

    e. Defendant violated §1692e(11) of the FDCPA by failing to disclose in communications that the call was from a debt collector.

WHEREFORE, Plaintiff, DANA ADAMS, respectfully requests judgment be entered against Defendant, EASTPOINT RECOVERY GROUP, INC. for the following:

29. Statutory damages of $1000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k,

30. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k , and

31. Any other relief that this Honorable Court deems appropriate.

                                            RESPECTFULLY SUBMITTED,

Dated: February 17, 2014           By: /s/Denis Vega  
                                          Denis Vega  
                                          Vega & Associates, LLC  
                                          4505 Gary Mikel Ave  
                                          Metairie, LA 70002  
                                          Tel: 504-913-0868  
                                          dvega@vegalaw.net  
                                          Attorney for Plaintiff, DANA ADAMS